IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINICIO JESUS GARCIA,<br>    ID # 01828198,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)  No. 3:20-CV-3403-E-BH<br>)<br>)<br>)<br>)<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on November 13, 2020 (doc. 3). Based on the relevant findings and applicable law, the petition should be **SUMMARILY DISMISSED** with prejudice.

**I.    BACKGROUND**

Vinicio Jesus Garcia (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary conviction. (*See* doc. 3 at 5.)

On December 6, 2012, Petitioner was convicted of murder under Texas Penal Code § 19.02 in cause number F11-57569-S in Dallas County, Texas, and received a sentence of life imprisonment. (*See id.* at 3); *see also State v. Garcia*, No. F11-57569-S, *Judgment of Conviction by Jury* (282nd Jud. Dist. Ct.), *available at* http://dallascounty.org/services/public-access.php (last visited Dec. 22, 2020). While serving his sentence at the William P. Clements Unit in Amarillo, Texas, he was charged with lying in disciplinary case number 20200055891. (*See* doc. 3 at 5.) On

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

November 8, 2019, the disciplinary officer found him guilty and assessed his punishment at 180 days' loss of good time; 45 days' recreation, commissary, and telephone restriction; and a reduction in line class. (*See id.*) He filed step one and step two grievances challenging this disciplinary conviction, and his guilt was affirmed at both steps. (*See id.* at 5-6.)

Petitioner seeks relief under § 2254 based on "violation of Fifth and 14th Amendments of US Constitution by being denied due process of law." (*Id.* at 6.) He asserts that he was not allowed to view the video of the incident upon which the disciplinary conviction appears to be based, that his counselor and another party claimed that Petitioner is not on video, and that he was "denied contact with PREA and OIG." (*Id.*)

## II.   SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest.[2] *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). In

---

[2] Although Petitioner references the violation of his Fifth Amendment due process rights, he does not allege any action by the United States that violated his due process rights. (*See* doc. 3 at 6.) Rather, his due process claim is based on the alleged actions of the TDCJ, a state entity. The States are prohibited from depriving a person of liberty or freedom without due process of law under the Fourteenth Amendment. *See Dusenberry v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Because Petitioner has articulated no facts to support a Fifth Amendment due process claim, his claims are only

2

Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision create a protected liberty interest in early release from prison. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58 (holding that inmates who are eligible for release on mandatory supervision have a protected liberty interest in the loss of earned good-time credits).

Petitioner is not eligible for mandatory supervision as a result of his conviction for murder. *See* Tex. Gov't Code § 508.149(a)(1) (noting that an inmate may not be released to mandatory supervision if serving a sentence for offenses under Tex. Pen. Code § 19.02 (murder)). Petitioner acknowledges in his petition that he is not eligible for mandatory supervision. (*See* doc. 3 at 3.) Because he is not eligible for mandatory supervision, the loss of good-time credits does not implicate a protected liberty interest. *See, e.g.*, *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) ("As a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest."). To the extent he is challenging his reduction in line status, he also has no constitutionally protected property or liberty interest in his classification of the loss of opportunity to accrue good-time credits. *Malchi*, 211 F.2d at 959; *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications.") (internal quotation marks and citation omitted). Likewise, commissary, recreation, and phone restrictions do not implicate due process concerns because they are not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Hinojosa v. Thaler*, 427 F. App'x 354, 355 (5th Cir. 2011) (internal quotation marks omitted) (citing *Malchi*, 211 F.3d at 958).

---

construed as due process allegations against the TDCJ under the Fourteenth Amendment.

Because Petitioner has no constitutional right that was violated by his disciplinary conviction, his federal habeas petition under § 2254 should be summarily dismissed.

### III.  RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on November 13, 2020 (doc. 3), should be **SUMMARILY DISMISSED** with prejudice.

**SIGNED this 28th day of December, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE