IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINICIO JESUS GARCIA,<br>    ID # 01828198,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)  No. 3:20-CV-3403-E-BH<br>)<br>)<br>)<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Objections to US Magistrate Judge Findings Conclusions and Recommendation*, received on January 25, 2021 (doc.10). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**I.    BACKGROUND**

Vinicio Jesus Garcia (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254 that was received on November 13, 2020. (*See* doc. 3.) On December 28, 2020, it was recommended that the petition be summarily dismissed. (*See* doc. 7.) The recommendation was accepted, the petition was summarily dismissed, and judgment was entered on January 12, 2021. (*See* docs. 8, 9.) In Petitioner's objections, signed on January 15 and January 18, 2021, and received on January 25, 2021, he argues that the recommendation is incorrect because his "rights under the PREA Act have been violated," and he has "been subjected to cruel and unusual punishment in violation of the Eighth Amendment." (doc. 10 at 1.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

## II.  FED. R. CIV. P. 59(e)

Because Petitioner's filing was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner alleges additional factual details relating to the video evidence he claims

he was denied during his prison disciplinary proceeding.  (*See* doc. 10 at 1-2.)  He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. As noted in the recommendation, the petition challenged a disciplinary conviction that resulted in the loss of good time credits, a reduction in line status, and commissary, recreation, and phone restrictions.  (*See* doc. 3 at 5-6, 11; doc. 7 at 1-2.)  Because Petitioner is not eligible for mandatory supervision as a result of his murder conviction, any loss of good-time credits does not implicate a constitutionally protected liberty interest.  *See* Tex. Gov't Code § 508.149(a)(1) (noting that an inmate may not be released to mandatory supervision if serving a sentence for offenses under Tex. Pen. Code § 19.02 (murder)); *see also Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) ("As a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.").  A reduction in line status and commissary, recreation, and phone restrictions likewise do not implicate constitutionally protected interests.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications.") (internal quotation marks and citation omitted); *Hinojosa v. Thaler*, 427 F. App'x 354, 355 (5th Cir. 2011) (internal quotation marks omitted) (citing *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000)).

Because Petitioner has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

### III.  NEW CIVIL CLAIMS

For the first time in his filing, Petitioner also appears to allege a separate claim that prison employees violated the PREA and subjected him to cruel and unusual punishment in violation of

the Eighth Amendment. (*See* doc. 10 at 1.) Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. See 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Claims that do not challenge Petitioner's custody, such as the ones that he now seeks to raise, may not be raised in this habeas action; they must be raised in a separate civil case against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, it will proceed only as a habeas action.

If Petitioner wishes to pursue his new non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that all prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[1] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay it in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Petitioner's filing is not liberally construed as seeking to open a new case at this time. The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and a complaint under 42 U.S.C. § 1983, and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

### IV.    RECOMMENDATION

The *Objections to US Magistrate Judge Findings Conclusions and Recommendation*, received on January 25, 2021 (doc.10), should be construed as a motion to alter or amend the

---

[1] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 28th day of January, 2021.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE